UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY GAUTREAUX, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 66 C 1459 |
| THE CHICAGO HOUSING AUTHORITY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is the Gautreaux Plaintiffs' motion for an award of attorneys' fees and related expenses against Defendant Chicago Housing Authority ("CHA") for the period from August 1, 2001 to July 31, 2003. We previously determined that Plaintiffs are "prevailing parties," who are entitled to recover attorneys' fees, under 42 U.S.C. § 1988. *Gautreaux v. CHA*, 523 F. Supp. 684, **690 (N.D. Ill. 1981) (*affirmed by Gautreaux v. CHA*, 690 F.2d 601, 614 (7th Cir. 1982)). Subsequently**, we awarded Plaintiffs attorneys' fees and costs on several additional occasions. Most recently we entered orders on April 2, 2002, covering work from September 25, 1999 to July 31, 2001, and on June 27, 2000, covering work from October 16, 1996 to September 24, 1999. The CHA opposes the Plaintiffs' present motion for attorneys' fee and costs for two reasons. First, the CHA argues that two recent judicial decisions, *Buckhannon Bd. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), and *Alliance to End Repression v. Chicago*, 356 F.3d 767 (7th Cir. 2004), preclude an award of fees. Secondly, the CHA opposes Plaintiffs' motion on the grounds that the fee request is excessive and inadequate.

First, the CHA argues that the Supreme Court case *Buckhannon* and the recent Seventh Circuit case *Alliance* preclude an award of fees. In *Buckhannon*, the Supreme Court held that a party must have obtained a judgment on the merits, consent decree, or other judicially-sanctioned change (such as a

settlement order) to qualify as a "prevailing party" entitled to attorney's fees. 532 U.S. 605-06. In doing so, it rejected the "catalyst theory," under which some courts had held that a defendant's voluntary change in conduct induced by the lawsuit qualifies a plaintiff to be a "prevailing party" entitled to fees. *Id.*

In *Alliance*, the Seventh Circuit considered the application of *Buckhannon* to post-decree litigation. In *Alliance*, the plaintiffs had won a consent decree against the City of Chicago in 1981 related to the Chicago Police Department's investigative activities that violated class members' First Amendment rights. Based on the consent decree, the plaintiffs were considered "prevailing parties" entitled to attorneys' fees under § 1988. Between 1994 and 2001, the plaintiffs brought two actions for contempt of the decree, which were unsuccessful. In 1997, the City sought modifications to make the decree restrictions less onerous, which were granted on appeal. In granting the modifications on appeal, the Seventh Circuit observed that the City had complied with the decree for the entire period of almost two decades in which it had been in force, and that social conditions had changed so far as to make much of the decree obsolete. 356 F.3d at 769. The plaintiffs in *Alliance* then sought attorneys' fees for these two failed proceedings for contempt of the decree, the failed opposition to the modification, and for monitoring compliance of the decree, on the basis of its "prevailing party" status obtained when the decree was entered. In denying attorney's fees, the Seventh Circuit held that the contempt and modification proceedings were "clearly separable" from the entry of the consent decree, for which the plaintiffs had experienced **"not even a disappointing partial success" and "nothing but loss" for a decade**. *See id.* at 770-71. As to this separate post-decree work and proceedings, plaintiffs could not be considered "prevailing parties" under § 1988 and, therefore, were not entitled to fees. *Id.*

The present case is distinct from *Alliance* in that the post-decree proceedings and related work for which fees are presently sought are not "clearly separable" from the original judgment order. *See*

2

*Gautreaux*, 690 F.2d at 604, 605 ("It is more consistent with the history of this particular lawsuit . . . and with the nature of equitable proceedings in general not to divide a continuously active equitable case into a host of separate smaller matters); *see also Gautreaux*, 523 F. Supp. at 689, 690. Unlike *Alliance*, this case involves post-judgment work and proceedings that are all part of one active equitable case, **in which compliance has always been at issue, and modifications and clarifications of the original judgment order must continuously be made to account for changing conditions and circumstances.** Indeed, as the Seventh Circuit has recognized, the heart of this unique litigation lies in the present remedial stage, "where the parties struggle, often for years, over the scope and details of injunctive relief." *See Gautreaux*, 690 F.2d at 610. We therefore find *Alliance* inapplicable to this case and reject the CHA's argument that *Alliance* and *Buckhannon* preclude an award of attorneys' fees in this case.

Next, CHA argues that Plaintiffs' fee request is inadequate. Attorneys fees are properly calculated by multiplying "the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). CHA claims that the Plaintiffs have billed an unreasonable number of hours by including time spent by multiple attorneys on intra-office communications and conferences with third parties, and by including time spent on matters not within the scope of the consent decree.

Initially, we observe that the present fee request is comparable to the two prior agreed orders approving Plaintiffs' fees, dated April 4, 2002 and June 27, 2000. On April 4, 2002, we entered an Order granting Plaintiffs $841,020 for 3,753 hours billed in a twenty-two month period (an average of 171 hours billed per month) at rates of $130 to $360 per hour. On June 27, 2000, we entered an Order granting Plaintiff's $976,440 for 3,137 hours billed in a thirty-five month period (an average of 90 hours billed per month) at rates of $120 per to $360 per hour. Presently, Plaintiffs have requested payment of

$724,732^1$ for 2,574 hours billed in a twenty-four month period (an average of 107 hours billed per month) at rates of $200 to $400 per hour.

We find that the Plaintiffs' requested hours are reasonable. By eliminating billing for hours spent by more than two attorneys in consultation, and by reducing hours spent in Gautreaux Team Meetings by fifty percent, the Plaintiffs have exercised proper billing judgment. Although the CHA takes issue with the use of multiple attorneys in this case, courts in this circuit have found that the use of two or more attorneys is appropriate in cases less complex than this matter. *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th. Cir 1988) (recognizing the propriety and benefits of using multiple lawyers, including that the "use of two (or more) lawyers . . . may well reduce the total expenditures by taking advantage of division of labor"); *Bohen v. City of E. Chicago*, 666 F. Supp. 154, 157 (N.D. Ind. 1987) (observing that "[t]wo lawyers are the minimum in much private litigation."). Additionally, Plaintiffs have categorized each billing entry to show that the underlying task is within the scope of the consent decree and is consistent with the past orders awarding fees to the Plaintiffs.

Finally, CHA claims that the Plaintiffs have not adequately proven the reasonableness of their proposed market rates, and that the rates are excessive. The burden of proving the proper market rate is on the party seeking the fee award. *Uphoff v. Elegant Bath, Ltd,*.176 F.3d 399, 407 (7th Cir. 1999). For attorneys without fee-paying clients, the market rate may be determined by a comparison to the rates charged by other attorneys in the community for similar work and to fee awards the attorney has received in similar cases. *Id*. Plaintiffs have presented an affidavit from Lowell Sachnoff in support of their proposed market rates. CHA argues that the affidavit is invalid because Sachnoff is a Director of BPI, the organization representing the Plaintiffs. However, the Seventh Circuit has stated that it is appropriate

---

[1] Plaintiffs originally moved for an award in the amount of $728,827 in attorneys' fees for 2,589 hours of work but in their reply, eliminated the request for fees for 15 hours, which they discovered to have been erroneously included.

to consider the testimony of a member of the attorney's own firm when determining an attorney's proper market rate. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1312 (7th Cir. 1996) (stating that "[i]f a court chooses to look to the next best evidence of what similarly situated attorneys charge, there is no reason that it should refuse consideration of those who practice in conjunction with the attorney at issue."). Accordingly, Sachnoff's position within BPI does not invalidate his affidavit. In consideration of Sachnoff's affidavit, as well as the current market rates within the Chicago legal community and the past hourly rates in this litigation, we find that the Plaintiffs' requested hourly rates are reasonable.

## CONCLUSION

For the reasons stated above, we grant the Plaintiff's motion for award of attorneys' fees in the amount of $724,732 and related expenses of $3,706. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: August 9, 2005