**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DOROTHY GAUTREAUX, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 66 C 1459 |
| | ) | Judge Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is a motion for reassignment filed by Defendant Chicago Housing Authority ("CHA"), (Dkt. No. 416), asking that we accept reassignment of a newly-filed case currently pending before Judge Gettleman, *Cabrini-Green Local Advisory Council, et al. v. Chicago Housing Authority, et al.* (Case No. 13 C 3642). CHA contends that, pursuant to Local Rule 40.4, the *Cabrini-Green Local Advisory Council* ("*Cabrini-Green LAC*") case should be reassigned as related to the *Gautreaux* case. CHA also argues that the reassigned case should then be dismissed, with leave for plaintiffs, including the Cabrini-Green Local Advisory Council ("LAC"), to seek to intervene on this matter in *Gautreaux*.[1] While the *Gautreaux* plaintiffs agree with CHA, LAC and the individual plaintiffs object. For the reasons set forth below, we grant the motion in part, and deny it in part. We order reassignment of the case, but we decline to order dismissal of the *Cabrini-Green LAC* complaint at this time.

---

[1] We have permitted LAC to intervene in *Gautreaux* case in the past. (*See, e.g.*, 11/24/1998 Dkt. Entry (granting motion to intervene for the limited purpose of filing a waiver); Dkt. No. 416-1, Ex. F (9/12/2000 order granting agreed motion to allow LAC to intervene without limitation).)

## BACKGROUND

In 1966, African-American tenants of, and applicants for, public housing filed actions against the CHA and U.S. Department of Housing and Urban Development, alleging that they had unconstitutionally engaged in discrimination by selecting sites for public housing based on the racial makeup of the surrounding communities. In the early stages of the litigation, both agencies were found to have discriminated "by selecting housing project sites in predominantly black neighborhoods and by using racial quotas to limit the number of blacks in housing projects in predominantly white neighborhoods." *Gautreaux v. Pierce*, 690 F.2d 616, 619 (7th Cir. 1982). Specifically, in 1969, United States District Court Judge Austin granted summary judgment in favor of the *Gautreaux* plaintiffs. *Gautreaux v. Chi. Housing Auth.*, 296 F. Supp. 907, 909, 913–15 (N.D. Ill. 1969). He then "entered a remedial decree that was designed to ban racially discriminatory site selection and tenant assignment policies and to undo the harm that had already occurred." *Gautreaux v. Chi. Housing Auth.*, 491 F.3d 649, 651–52 (7th Cir. 2007); *Gautreaux v. Chi. Housing Auth.*, 304 F. Supp. 736, 737 (N.D. Ill. 1969).

Pursuant to the remedial decree, we retain jurisdiction to enter orders involving the construction, implementation, modification, or enforcement of the judgment. Over the decades, we have modified the judgment decree "several times to reflect changes in neighborhoods, circumstances and community housing needs." *Gautreaux v. Chi. Housing Auth.*, 475 F.3d 845, 847 (7th Cir. 2007). We continue to address issues raised by the parties and intervenors with respect to the 1969 judgment and various related agreements entered into over the years. Such issues typically include CHA's plans to renovate, rehabilitate, or build public housing locations throughout the City of Chicago.

In particular, we have previously addressed the Receiver's and CHA's plans to renovate the Cabrini-Green site. On September 12, 2000, we authorized revitalization of the Cabrini-Green site as part of the Near North Revitalizing Area. (*See* Dkt. No. 416-1, Ex. E.) We ordered the Receiver (in place at that time, though no longer) to arrange for development within that area of a certain minimum number of housing units "by lease, new construction or otherwise." (*Id.* ¶ 3.) At that time, we recognized that LAC had interests related to the redevelopment of the Cabrini-Green site and that decisions in *Gautreaux* might, as a practical matter, impair those interests. (*See* Dkt. No. 416-1, Ex. F.) We thus granted an agreed motion allowing LAC to intervene in *Gautreaux* as needed to protect its interests.

In its new lawsuit before Judge Gettleman, LAC[2] challenges CHA's plan to redevelop the Francis Cabrini Rowhouses. The Rowhouses are one of four sections comprising the former Cabrini-Green development. (LAC Compl. ¶ 40.) They are located on the blocks between Oak Street to the north, Chicago Avenue to the south, Larrabee to the west, and Hudson to the east. (*Id.* ¶ 41.) The Rowhouses are immediately adjacent to other sections of Cabrini-Green that fall within the Near North Revitalizing Area. (Mot., Ex. G (map of the area).)

In 2000, CHA announced a Plan for Transformation that, among other things, contemplated rehabilitation of the Rowhouses. (LAC Compl. ¶ 1.) CHA's initial plan was to rehabilitate the Rowhouses, rather than tear them down, and to maintain them as 100% public housing. (*Id.* ¶¶ 2, 46.) In the intervening years, CHA notified residents of the Rowhouses of the need to move pending rehabilitation of the homes. The residents complied, and hundreds of them have a right to return to the Rowhouses when the work is complete. (*Id.* ¶¶ 2, 49, 51.)

---

[2] We refer to LAC and the individual plaintiffs collectively as "LAC" hereinafter.

-3-

Although CHA planned four phases for the rehabilitation, only one has yet occurred. (*Id.* ¶¶ 3, 47, 53.)

On September 15, 2011, CHA announced that it no longer supported redevelopment of the Rowhouses as 100% public housing. (*Id.* ¶¶ 4, 60.) Instead, CHA intends to turn the Rowhouses into mixed-income housing. (*Id.* ¶¶ 4, 60–61.) The mixed-income plan likely means that CHA would designate no more than one-third of the units for public housing. (*Id.* ¶ 62.) According to LAC, this approach will reduce the number of units available for public housing residents in the Near North, forcing former Rowhouse residents to relocate to high-poverty, segregated areas of Chicago. (*Id.* ¶¶ 65–71.) LAC contends that CHA's decision to convert the Rowhouses to mixed-income housing perpetuates segregation and violates various statutes and executive orders. (*Id.* ¶¶ 79–99.) LAC seeks injunctive relief preventing CHA from converting the Rowhouses into anything less than 100% public housing. (*Id.* ¶ IX, A.)

In the pending motion, CHA asks that we reassign the *Cabrini-Green LAC* action to the *Gautreaux* case as related, pursuant to Local Rule 40.4. CHA further asks that we dismiss *Cabrini-Green LAC*, without prejudice as to LAC's right to seek leave to intervene in *Gautreaux*. As CHA points out, we employed this approach in a somewhat similar scenario in 1999. (*See* Mot., Ex. K (11/5/99 Min. Order).) LAC opposes both reassignment and dismissal.

**ANALYSIS**

Pursuant to Local Rule 40.4, we may accept reassignment of a case not randomly assigned to us, under certain circumstances, so long as the cases are related. The first step in this analysis requires the movant to demonstrate that the cases are related. Cases are deemed related where: "(1) the cases involve the same property; (2) the cases involve some of the same issues of

fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Id.* at 40.4(a). Local Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins*, 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002), rather it is enough that the two cases "involve *some* of the same issues of fact or law," *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc*., 02 C 5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). *See also Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008); *Clark v. Ins. Car Rentals Inc.*, 99 F. Supp. 2d 846, 848 (N.D. Ill. 1999).

If the cases are indeed related, we consider whether the circumstances warrant reassignment. Related cases should be reassigned only if:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b) (emphasis added). The decision whether to reassign a case as related falls within our sound discretion. *Clark*, 42 F. Supp. 2d at 847; *see Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 698, 2004 WL 1102327, at *1 (N.D. Ill. May 5, 2004).

### A.     Relatedness

As CHA and the *Gautreaux* plaintiffs note, LAC does not contest that these two cases are "related" as defined by Local Rule 40.4(a). (*See* Reply at 1.) Indeed, LAC offers no argument to dispute this issue, focusing entirely on the Local Rule 40.4(b) factors considered below. Nonetheless, CHA persuasively explains that the cases satisfy several of the Local Rule 40.4(b)

options.  (Mem. at 5–7.)  For example, in viewing the Cabrini-Green area as a whole, the two

cases involve the same real property, subject to different revitalization plans for different parcels.

L.R. 40.4(a)(1).  As a practical matter, the plan for the Rowhouses affects the success of the plan

for the rest of the Cabrini-Green redevelopment.  The cases also plainly "involve some of the

same issues of fact or law."  L.R. 40.4(a)(2).  Both address how CHA should revitalize public

housing at Cabrini-Green, including difficult questions about what percentage of the proposed

new and rehabilitated developments should be reserved for public housing residents.  We agree

with CHA that the cases are related.

###    B.    Reassignment

Having concluded that the cases are related, we must decide whether reassignment of

*Cabrini-Green LAC* is appropriate.  LAC generally contends that the motion for reassignment

"comes more than four decades too late . . . for there is no hope of saving time through

coordinated discovery or common disposition."  (Opp'n at 3.)  LAC argues that *Gautreaux* is not

truly pending because the 1969 judgment resolved all substantive merits of the case.  (*Id.* at 3–5.)

LAC also asserts that the scope of the *Gautreaux* holding and remedial decree simply does not

cover the issues raised and relief sought in *Cabrini-Green LAC*.  (*Id.* at 6–12.)  According to

LAC, we lack jurisdiction over the claims in *Cabrini-Green LAC* because those claims address

the rehabilitation of existing housing units, rather than the construction of new housing projects

at issue in *Gautreaux*.  (*Id.* at 8.)

LAC's jurisdictional argument is misplaced.  The Northern District of Illinois plainly has

subject matter jurisdiction over the *Cabrini-Green LAC* matter, which LAC filed in federal court

alleging federal claims.  LAC's alternative argument—that *Cabrini-Green LAC* does not raise

*Gautreaux* issues—also misses the mark. First, based on our reading of the *Cabrini-Green LAC* complaint, we find that it asserts claims that overlap with *Gautreaux* issues. As discussed earlier, and as LAC apparently concedes, the two cases are related in light of their shared questions and remedies sought. Second, LAC's position on the scope of the two cases entirely overlooks the point of the present motion. The question before us is not whether *Gautreaux* subsumes and eclipses *Cabrini-Green LAC*. The question is whether we should exercise our discretion under Local Rule 40.4(b) to reassign the new case as related to *Gautreaux*. As explained below, we conclude that reassignment is appropriate.

> ### I.    *Both cases are pending in this Court.*

Despite LAC's claim to the contrary, both *Cabrini-Green LAC* and *Gautreaux* are pending in the Northern District of Illinois. *Gautreaux* did not end, as LAC suggests, in 1969. *See, e.g.*, *Gautreaux*, 491 F.3d at 656 ("Normally, postjudgment litigation in a complex equitable proceeding is better viewed as largely free-standing from the underlying case."). The *Gautreaux* case undisputedly remains active before us, as CHA strives to comply with the 1969 judgment and develops ongoing plans for public housing in Chicago. Indeed, LAC has participated in negotiations and motion practice in *Gautreaux* for more than a decade. The fact that Judge Austin ruled on the merits of *Gautreaux* in 1969 does not mean that the case is no longer "pending," particularly because the remedial decree has been regularly and repeatedly amended as needed to accommodate new events and changing circumstances. The *Gautreaux* judgment and remedial decree continue to guide, authorize, and require our jurisdiction over *Gautreaux* issues, until their purposes are fulfilled.

-7-

      *ii.*     ***The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.***

As to this second requirement, we find that reassignment will save significant judicial resources and ensure consistent rulings on common questions about use of the Rowhouses. We are already familiar with the long history of *Gautreaux*, the parties involved (including the *Cabrini-Green LAC* parties), their community, legal, and political motivations, and, of course, the pertinent legal issues and likely factual disputes. Importantly, the *Cabrini-Green LAC* complaint cannot be evaluated properly outside its context. Because *Gautreaux* provides that context, reassignment makes sense.

LAC contends that reassignment would not save judicial time and effort because no discovery or other proceedings need to be coordinated to avoid duplication. (Opp'n at 4.) Although discovery is not ongoing in *Gautreaux*, future disputes about the Rowhouses might yet require discovery and/or hearings within *Gautreaux*. In its reply brief, for example, CHA explains that "[had] the *Cabrini* plaintiffs not filed their case, either the *Gautreaux* plaintiffs or CHA would have presented a motion to permit development of the Rowhouses site as a mixed-income area." (Reply at 12.) Accordingly, the discovery needed for *Cabrini-Green LAC* will be useful in *Gautreaux*, as the same issue will come to a head.

Indeed, in light of the conflicting relief sought in both cases, their resolution must be coordinated at some point. LAC seeks to preclude CHA from rehabilitating the Rowhouses as anything less than 100% public housing. Yet the *Gautreaux* plaintiffs and CHA have agreed to redevelop the Cabrini-Green site as mixed-income housing, which both affects and is affected by the composition of units at the Rowhouses. Should the *Cabrini-Green LAC* complaint have merit, these competing remedies must be reconciled. Reassignment will save substantial judicial

time and effort by having one judge address these overlapping issues simultaneously. Reassignment will also thus guarantee consistency and promote efficiency.[3]

> ### iii.     The earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case .

With respect to this third factor, LAC again claims that reassignment is not possible because *Gautreaux* has not only progressed "too far," it is actually closed. (Opp'n at 5.) As discussed above, *Gautreaux* is pending before us. *Gautreaux* has not yet addressed the primary issue raised by the *Cabrini-Green LAC* complaint, which arose after CHA announced on September 15, 2011 that it would no longer support 100% public housing at the Rowhouses. Nonetheless, that question about the constitution of the Rowhouses is percolating in *Gautreaux*, as much as it is in *Cabrini-Green LAC*. Because we have not yet considered that question in the course of the remedial *Gautreaux* proceedings, reassignment of *Cabrini-Green LAC* will not cause any delay.

> ### iv.     The cases are susceptible of disposition in a single proceeding.

Finally, we conclude that we can resolve the questions raised by *Cabrini-Green LAC* and *Gautreaux* as to the Rowhouses in a single proceeding. LAC does not argue otherwise, relying only on its misguided pendency argument. (Opp'n at 5.) Not only can we dispose of these issues in a single proceeding—we should. As discussed earlier, the claims asserted and remedy

---

[3] Reassignment will help avoid inefficiencies created when attempting to coordinate proceedings and another judge's rulings with our rulings in *Gautreaux*. (*See* 8/12/1998 Dkt. Entry (setting aside CHA's negotiations in *Cabrini-Green Local Advisory Council v. Chi. Housing Auth.*, Case No. 96 C 6949, because they failed to include the Receiver); 9/12/2000 Dkt. Entry (granting motion to approve the consent decree negotiated in that case, Case No. 96 C 6949).)

sought in *Cabrini-Green LAC* cannot be considered or resolved in isolation. The case simply has wider implications. It will be far more efficient and economical to allow one judge to coordinate these related cases. As such, we exercise our discretion to grant the reassignment.

### C.      Dismissal

CHA also asks that we dismiss the reassigned *Cabrini-Green LAC* case, with leave for LAC to seek leave to intervene. We decline to do so at this time. We thus deny the motion without prejudice as to CHA's refiling at a later date.

### CONCLUSION

For the reasons set forth above, we grant in part CHA's motion and hereby order reassignment of *Cabrini-Green Local Advisory Council, et al. v. Chicago Housing Authority, et al.* (Case No. 13 C 3642). We deny the motion in part, however, and will not dismiss the *Cabrini-Green LAC* complaint at this time. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: October 9, 2013

-10-