IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY GAUTREAUX, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case Number: 66 C 1459 |
| | ) | |
| v. | ) | |
| | ) | Hon. Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER
OF
FINAL APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs, on behalf of themselves and the class they represent ("Plaintiffs"), have entered into a Settlement Agreement (the "Settlement Agreement") with Defendant Chicago Housing Authority ("CHA") to settle the above-captioned suit (the "Action"). This Final Approval Order ("Order") refers to Plaintiffs and CHA as the "Parties" to the Settlement Agreement.

The Parties have filed a Joint Motion for Final Approval of Settlement Agreement ("Motion for Final Approval"). Having reviewed the Settlement Agreement, the Motion for Final Approval, and the pleadings and other filings in this Action, having conducted a fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and considered the statements of counsel and of other persons therein, and being otherwise fully advised,

**The Court Hereby Finds and Orders as Follows:**

1. The Court grants the Parties' Motion for Final Approval and (a) finally approves the settlement of this Action as provided in the Settlement Agreement which is attached hereto as Exhibit A and is incorporated herein and made a part hereof, (b) finds the terms of such Settlement

Agreement to be fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and (c) orders the Parties to comply with the terms thereof.[1]

2. The Court finds that reasonable notice of the proposed Settlement Agreement and fairness hearing has been provided to all class members and that such notice complies in all respects with the requirements of Rule 23 and due process.

3. The Court finds that applying prospectively the Judgment Order entered in this Action on July 1, 1969 ("Judgment Order"), is no longer equitable under Rule 60(b)(5), and, subject to the Court's retention of jurisdiction to enforce (a) under paragraph 5 hereof the Settlement Agreement, and (b) the Orders specified in paragraphs A, B, and C of paragraph 4, below, hereby orders that the Judgment Order shall be vacated upon the Effective Date of the Settlement Agreement (as such term is defined in Section X(A) thereof).

4. Notwithstanding such vacation of the Judgment Order, the orders specified in paragraphs A, B and C of this paragraph 4 shall continue in effect and the Court retains jurisdiction to enforce said orders:

> A. The Cabrini Orders of September 12, 2000; September 16, 2015 (Agreed Order resolving outstanding litigation between the parties); September 16, 2015 (Minute Order granting agreed motion to approve modification of consent decree in Cabrini-Green LAC v. CHA, et al., 96 C 6949); and September 16, 2015 as amended on September 24, 2015, in their entirety (including without limitation the redevelopment and non-development matters addressed in such orders), even if the completion of the redevelopment at and surrounding the former Cabrini-Green development post-dates the termination of the Settlement Agreement;
>
> B. The Site-based Wait List Order of February 1, 2018, shall continue in effect until the expiration of the Settlement Agreement; and

---

[1] The Court notes that, as set out in the Parties' Motion for Final Approval, Exhibit A hereto corrects a typographical error in the Settlement Agreement attached to the Parties' motion for preliminary approval. The Court finds that such correction does not affect the interests of class members and that it therefore is not necessary to re-notice class members.

      C. The Order of April 10, 1972, setting aside the application of certain provisions of Chapter 67-1/2, Section 9 of the Illinois Revised Statutes (now 305 ILCS 10/9) to CHA.

5. The Court retains jurisdiction as provided in paragraph 4 of this Final Approval Order and to enforce the terms of the Settlement Agreement, including without limitation the provisions of each of Sections II-VII and X thereof, and to adjudicate any application for fees pursuant to Section XI thereof. Accordingly, except for the retention of jurisdiction provided herein, upon the Effective Date of the Settlement Agreement (as such term is defined in Section X(A) thereof) this Action shall be dismissed without prejudice, the claims against defendants are hereby discharged and released, and the Parties are barred from re-litigating any claims that were or could have been raised in this Action.

6. Except for the retention of jurisdiction provided above, and unless enforcement proceedings consistent with Section X(B)(1) and (2) of the Settlement Agreement are pending, this Action will be treated as dismissed with prejudice on July 31, 2024, without further order of court.

      ENTER:

      _____
      Marvin E. Aspen, U.S. District Judge

Dated: 1/23/2019